UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Mack Burris,<br>　　　Plaintiff, | CASE NO.: __2:14-cv-4037-RMG__ |
| v. | **COMPLAINT**<br>**(Jury Trial Requested)** |
| South Atlantic ILA/Employers Vacation and Holiday Fund,<br>　　　Defendant. | |

　　　The Plaintiff complaining of the Defendant alleges as follows:

**ONE:** The Plaintiff, Robert Mack Burris, is an individual residing in Berkeley County, South Carolina.

**TWO:** The Defendant, South Atlantic ILA/Employers Vacation and Holiday Fund (Jacksonville, FL), is upon information and belief a defined annuity fund that manages vacation, holiday and other benefits for the International Longshoremen's Association.

**THREE:** The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of this Court.

**FOUR:** The Plaintiff, Robert Mack Burris, was a member of the Local 1771 of the International Longshoremen's Association. The Plaintiff worked in the maritime industry through February 2010.

**FIVE:** The Plaintiff injured his back, left arm, left shoulder, neck, left knee, right arm and other body parts on February 27, 2010 while working as a longshoreman in Charleston, South Carolina.

**SIX:** The Plaintiff was deemed permanently and totally disabled for all employment with the employer, even with reasonable accommodations.

**SEVEN:** In 2011, the Plaintiff was credited by the Defendant with 33,325.40 hours of service credit for computation of his pension eligibility.

**EIGHT:** Under the terms of the Defendant's pension plan the Plaintiff is informed and believes, that he is entitled to additional pay and benefits for the last year he worked. Plaintiff made said demand and it was denied.

**NINE:** The Plaintiff has made repeated attempts to resolve this issue with the Defendant, to no avail.

**TEN:** The Plaintiff was not paid for his vacation and sick benefits he accrued for his last year of service and those funds are still due and owed to the Plaintiff despite Plaintiff's request for those funds.

1

## FOR A FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act

**ELEVEN:** The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

**TWELVE:** The Plaintiff was working for the Waterfront Employers-ILA Pension and Welfare Fund and accrued earned vacation and holiday pay. The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

**THIRTEEN:** The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining vacation and sick pay which rightfully belong to the Plaintiff pursuant to the FLSA.

**FOURTEEN:** As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes he is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, and legal fees in an amount to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
### Conversion

**FIFTEEN:** The Plaintiff repeats and realleges each and every allegation as fully as if repeated herein verbatim.

**SIXTEEN:** The Plaintiff was not paid for his vacation and sick benefits he accrued for his last year of service and those funds are still due and owed to the Plaintiff despite Plaintiff's request for those funds.

**SEVENTEEN:** Those funds were retained by the Defendant.

**EIGHTEEN:** The Plaintiff also received short term disability for a period of time after his injury as his longshoreman's case was initially denied.

**NINETEEN:** Upon a ruling that the case was compensable, the short term disability offset was initiated against his longshoreman's temporary total payments.

**TWENTY:** However, when the offset was calculated he was shorted over $7,000.00 worth of pay and benefits.

**TWENTY-ONE:** The Defendant deceitfully and fraudulently converted funds from the Plaintiff's account for personal use and gain.

**TWENTY-TWO:** The Defendant converted the funds for their own use.

**TWENTY-THREE:** The conversion of the funds was without the Plaintiff's permission.

**TWENTY-FOUR:** The Defendant acted maliciously and in bad faith in that they knowingly converted Plaintiff's funds when in the exercise of reasonable care they knew or should have known their actions were wrongful.

**TWENTY-FIVE:** The Defendant has converted Plaintiff's money for their own use in violation of South Carolina statutory and common law.

**TWENTY-SIX:** The acts of the Defendant deprived the Plaintiff of a considerable amount of money.

**TWENTY-SEVEN:** That as a direct and proximate result of said conduct on the part of the Defendant, the Plaintiff has suffered substantial monetary losses and been damaged as aforesaid, both actual and punitive, in such amount as a trier of fact may award.

**TWENTY-EIGHT:** Wherefore the Defendant has converted the Plaintiff's money to their own use for which the Plaintiff should be awarded judgment against the Defendant in an amount found to be wrongfully converted plus an additional amount for punitive damages as determined by the trier of fact.

### FOR A THIRD CAUSE OF ACTION
**Unjust Enrichment**

**TWENTY-NINE:** The Plaintiff repeats and realleges each and every allegation as fully as if repeated herein verbatim.

**THIRTY:** The Plaintiff is entitled to funds stolen by the Defendant and the Defendant is in possession of those funds or have had the benefit of the use of those funds when the funds rightfully and legally belonged to Plaintiff.

**THIRTY-ONE:** The Defendant has had the use of the Plaintiff's monies and has been enriched by the use of the monies and are unjustly retaining the benefit of those monies without providing the funds due and owing to Plaintiff.

**THIRTY-TWO:** The Defendant is liable to the Plaintiff for the monies they have unjustly used.

**THIRTY-THREE:** As a direct and proximate result of the Defendant's willful, wanton, reckless, negligent, and grossly negligent unjust enrichment, the Plaintiff has suffered financial losses, has been deprived of his money, and has suffered great emotional upset and distress.

### FOR A FOUTRH CAUSE OF ACTION
**Violation of SC Payment of Wages Act**

**THIRTY-FOUR:** The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

**THIRTY-FIVE:** That the Plaintiff, during the course of his employment with the Defendant, was not paid wages he was entitled to while employed with the Defendant.

**THIRTY-SIX:** The Plaintiff, due to the wrongful acts, omissions, and practices of the Defendant, has been deprived of wages and income in violation of South Carolina Code of Laws Sec. 41-10-10, et. seq.

**THIRTY-SEVEN:** The Defendant refused to pay the Plaintiff for all wages due, in violation of the South Carolina Payment of Wages Act.

**THIRTY-EIGHT:** The Plaintiff is informed and believes that he is entitled to an award of his unpaid wages, treble damages, attorneys' fees and costs against the Defendant in an amount to be determined by the trier of fact, pursuant to the South Carolina Payment of Wages Act.

## REQUEST FOR RELIEF

**THIRTY-NINE:** The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law; and

3. Judgment against the Defendant, in such an amount of back pay, front pay, treble damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

s/Jarrel L. Wigger
Jarrel L. Wigger (Fed. I.D. # 6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
Telephone:     (843) 553-9800
Facsimile:      (843) 553-1648

North Charleston, SC
This 22nd day of October, 2014